Robert N. Black, SBN 70178
299 I Street, Suite, 11B
Crescent City, CA 95531
Phone  707-464-7637
Fax    707-464-7647
Email  rblack@attyblack.com

Attorney for Plaintiff,
Crescent City Harbor District

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| CRESCENT CITY HARBOR DISTRICT, ) | Case No.: CV 08 1007 JCS |
| ) | |
| Plaintiff, ) | MOTION FOR AN ORDER TO |
| ) | APPOINT SUBSTITUTE CUSTODIAN |
| vs. ) | OF VESSEL AND POINTS AND |
| ) | AUTHORITIES |
| Vessel INTREPID, Official Number ) | |
| 250385, her engines and ) | DATE: May 16, 2008 |
| appurtenances, *in rem*, and ROBIN J. ) | TIME: 9:30AM |
| CONOVER, an individual, *in* ) | LOCATION: Courtroom A, 15th Floor |
| *personam*, | |
| Defendants. | |

TO THE HONORABLE MAGISTRATE JUDGE SPERO OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

On Friday, May 16, 2008, at 9:30AM, Plaintiff CRESCENT CITY HARBOR DISTRICT, by its attorney, ROBERT N. BLACK, will move for an order appointing a substitute custodian in lieu of the United States Marshal for the Vessel INTREPID, Official No. 250385, her engines and appurtenances.

The Plaintiff CRESCENT CITY HARBOR DISTRICT requests that the Crescent City Harbor District be appointed the substitute custodian of the

MOTION FOR APPOINTMENT OF SUBSTITUTE CUSTODIAN - 1

Vessel INTREPID, her engines and appurtenances, while it is under maritime arrest or until further order of this Court.

**POINTS AND AUTHORITIES**

I. BACKGROUND

This is an admiralty action *in rem* for foreclosure of a maritime lien, and for debt, pursuant to 46 U.S.C. 31342. The facts of this action as stated in the Verified Complaint, attached hereto, may be summarized as follows:

1. On or about May 18, 2004, Plaintiff CRESCENT CITY HARBOR DISTRICT and Defendant CONOVER made and entered into a certain agreement in writing for berthing Defendant CONOVER'S vessel INTREPID in the Crescent City Harbor.  (Complaint pg. 3, lines 5-11.)

2. Plaintiff CRESCENT CITY HARBOR DISTRICT has furnished berthage and storage to the vessel INTREPID continuously to the present date.  Defendant CONOVER has not made a payment since July 20, 2005, owing Plaintiff CRESCENT CITY HARBOR DISTRICT $6659.46 as of August 1, 2007. Complaint pg. 3, lines 17-28.

3. By reason of Defendant CONOVER'S failure to pay the berthage fees owed, Plaintiff CRESCENT CITY HARBOR DISTRICT claims and holds a maritime lien upon the Defendant vessel INTREPID, her engines and appurtenances. Complaint pg. 4, lines 18-20.

II.    THE COURT SHOULD APPOINT CRESCENT CITY HARBOR DISTRICT AS SUBSTITUTE CUSTODIAN IN LIEU OF THE U.S. MARSHAL.

MOTION FOR APPOINTMENT OF SUBSTITUTE CUSTODIAN - 2

It is contemplated that the United States Marshal will seize the Defendant vessel INTREPID forthwith pursuant to the warrant of arrest authorized by order of this Court and issued by the Clerk. Decl. of Robert Black ¶3.

Pursuant to Admir. L.R. 9-1(a), after a vessel has been arrested and brought into custody of the U.S. Marshal, a substitute custodian may be appointed to take place of the U.S. Marshal by order of the court.

The Defendant vessel INTREPID is currently within the custody and control of the Plaintiff CRESCENT CITY HARBOR DISTRICT as it has been since November 28, 2007. Decl. of Richard Young ¶ 5.

The proposed substitute custodian has the ability and facilities to provide all services required for the storage and safekeeping of the vessel INTREPID. Decl. of Richard Young ¶ 3.

The Plaintiff CRESCENT CITY HARBOR DISTRICT in consideration of the Marshal's consent to the substitution of custody, will agree to release the United States and the Marshal from any and all liability and responsibility arising out of care and custody of the said vessel. As shown in the attached declaration, the proposed substitute custodian agrees to hold harmless and indemnify the United States and the United States Marshal's Service from any and all claims whatsoever arising out of the substitute custodian's negligence in possession and safekeeping. Decl. of Richard Young ¶ 8.

Plaintiff CRESCENT CITY HARBOR DISTRICT further requests that the expenses, if any, of the substitute custodian in keeping the vessel INTREPID in *custodia legis* be taxed as costs in this action. *See* New York Dock Co. v. S.S.

MOTION FOR APPOINTMENT OF SUBSTITUTE CUSTODIAN - 3

Poznan (1927) 274 U.S. 117, 120-121; Boeing Co. v. M/V Spirit of Discovery (W.D. Wash. 1986) 654 F.Supp. 740, 742.

III.    CONCLUSION

For the foregoing reasons, Plaintiff CRESCENT CITY HARBOR DISTRICT respectfully requests that this Court issue an order appointing Crescent City Harbor District as substitute custodian of the vessel INTREPID until further order of this Court and that all expenses incurred in safekeeping and maintaining the vessel INTREPID while under arrest be taxed as costs in this action.

Dated:  April 7, 2008

/s/ *Robert N. Black*
—————————————
ROBERT N. BLACK
Attorney for Plaintiff

1  Robert N. Black, SBN 70178
2  299 I Street, Suite 11B
   Crescent City, CA 95531
3  Telephone: 707-464-7637
   Facsimile: 707-464-7647
4  Email: rblack@attyblack.com
5
6  Attorney for Plaintiff,
7  CRESCENT CITY HARBOR DISTRICT



E-filing

ORIGINAL FILED FEB 19 2008

8
9
10
11              UNITED STATES DISTRICT COURT
12              NORTHERN DISTRICT OF CALIFORNIA
13                   SAN FRANCISCO DIVISION
14
15  CRESCENT CITY HARBOR DISTRICT, )   Civil Case No.
                                    )
16       Plaintiff,                 )   CV 08    1007  JCS
                                    )
17  vs.                             )
                                    )
18  Vessel INTREPID, Official Number 250385 )  **COMPLAINT IN REM AND IN**
    and her engines and appurtenances, *in rem*, )  **PERSONAM TO FORECLOSE**
19  and ROBIN J. CONOVER, an individual, )  **A MARITIME LIEN, AND FOR DEBT**
    *in personam*,                  )
20                                  )
21       Defendants.                )
                                    )
22  _____)
23
24                              I.
25  Jurisdiction:
26       This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears. It is
27  an admiralty and maritime claim within the meaning of Rule 9(h) FRCivP.
28

II.

Intradistrict Assignment:

This case is properly assignable to the San Francisco Division, in that the vessel which is the subject of this action is situated in the county of Del Norte.

III.

The *in rem* defendant vessel is now lying afloat in navigable waters, in the harbor of Crescent City, County of Del Norte, State of California, within this District and within the jurisdiction of this Court.

IV.

The *in rem* defendant vessel INTREPID, Official Number 250385, is a 61-year-old, wood-hulled vessel of approximately 24 gross and 12 net register tons and approximately 45.5 feet in register length, built in 1946 at Astoria, Oregon. At all times herein material, the defendant vessel was and is documented as a vessel of the United States by the United States Coast Guard and endorsed for recreational use.

V.

Plaintiff is informed, believes and thereon alleges that at all times herein material the defendant vessel was and is owned by defendant ROBIN J. CONOVER, of Crescent City, California, as sole owner of record.

VI.

Plaintiff CRESCENT CITY HARBOR DISTRICT is a governmental entity of the State of California, formed and existing as a Harbor District under the provisions of Sections 6000 et seq. of the Harbors and Navigation Code of the State of California.

VII.

Pursuant to authority vested in plaintiff by the State of California, plaintiff has duly enacted multiple Crescent City Harbor District Ordinances providing, among other things, the rules and regulations for berthing privately-owned vessels in the harbor area of the Harbor District.

likewise due and owing. The sum of $5000.00 is a reasonable sum for the services of plaintiff's attorney ROBERT N. BLACK in this action.

## XIII.

By reason of the foregoing, plaintiff has, claims and holds a maritime lien upon the defendant vessel, her engines and all her other appurtenances, which may be enforced by suit in rem in admiralty, for payment of the outstanding berthage fees and related charges, with interest thereon and late-payment handling charges, plus costs of enforcement, as well as expenses incurred in the raising and landing of the defendant vessel. Plaintiff therefore files this action to enforce its lien against the default vessel and to collect said indebtedness, plus costs, including court costs and costs of judicial administration, including costs of arrest and custody of the vessel during the pendency of this action.

WHEREFORE, plaintiff prays:

1. That process against and warrant for arrest of the defendant vessel INTREPID, Official Number 250385, and her engines and appurtenances, *in rem*, may issue and that all persons having or claiming an interest therein be cited to appear and answer to the matters aforesaid.

2. That plaintiff have judgment against the defendant vessel *in rem* and against the defendant debtor *in personam* in the amount of the claims and demands aforesaid, including the aforesaid sum of $6659.46, for berthage, accrued interest and late-payment handling charges to August 1, 2007, plus continuing berthage, accrued interest and late-payment handling charges from that date until paid, and for such additional and further sums as plaintiff may advance or incur in this action, including administrative, custodial and court costs, and the sum of $5000.00, or such greater or lesser sum as the court may adjudge reasonable for plaintiff's attorney fees, all with interest thereon at the legal rate until paid.

3. That the defendant vessel and her appurtenances be condemned and sold by the United States Marshal for this District, in accordance with the law and the admiralty practices of this Court; that plaintiff have leave to bid at such sale, without payment of cash, up to the

amount of its lien against the vessel, including its Court costs; and that the lien of plaintiff be applied to the proceeds of sale in the registry of the Court, with the rank and priority of a preferred maritime lien.

4. That the interests, liens, claims and equities of redemption of any and all persons and parties in or to the defendant vessel and her appurtenances be foreclosed and forever barred, and that the defendant vessel and her appurtenances be sold free and clear thereof at such sale.

5. That the proceeds of such sale, after deduction of court costs and charges, including the Marshal's costs and charges, be distributed to plaintiff.

6. That plaintiff have and receive from defendant CONOVER the amount of any deficiency remaining in the full payment of the aforesaid indebtedness after such foreclosure sale of the defendant vessel.

7. For such other and further relief as is just and proper in the premises.

Dated: 2/14/08

By: _____
ROBERT N. BLACK, Attorney for Plaintiff

VERIFICATION

UNDER PENALTY OF PERJURY

I, Richard Young, under penalty of perjury, do hereby declare and certify to the Court that:

1. I am the Harbor Master and CEO of the Crescent City Harbor District, plaintiff, in this action.
2. I have read the foregoing Complaint and know the contents thereof and the same are true of my own knowledge, except as matters stated on information and belief, and that as to those matters I believe them to be true.
3. The source of my information and the grounds of my belief are the records of the Harbor District and the official records of the United States Coast Guard.
4. Wherefore I make this declaration under penalty of perjury on this 14th day of February, 2008, at Crescent City, California.

_____
RICHARD YOUNG

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| CRESCENT CITY HARBOR DISTRICT, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Vessel INTREPID, Official Number ) <br> 250385, her engines and ) <br> appurtenances, *in rem*, and ROBIN J. ) <br> CONOVER, an individual, *in* ) <br> *personam*, ) <br> ) <br> Defendants. ) | Case No.: CV 08 1007 JCS <br><br> (PROPOSED) ORDER APPOINTING SUBSTITUTE CUSTODIAN |

Plaintiff CRESCENT CITY HARBOR DISTRICT, by its attorney, ROBERT N. BLACK, having appeared and made the following recitals:

1. On February 19, 2008, the complaint herein was filed praying that the vessel INTREPID, her engines and appurtenances, be condemned and sold to pay Plaintiff CRESCENT CITY HARBOR DISTRICT'S demands and claims and for other proper relief.

2. On February 28, 2008, the Clerk of this Court issued a Warrant for Arrest of Vessel commanding the United States Marshal for this District to arrest and

ORDER APPOINTING SUBSTITUTE CUSTODIAN - 1

take into custody the Defendant vessel INTREPID and to detain the same in his custody until further order of this Court respecting the same.

3. It is contemplated that the United States Marshal will seize the Defendant vessel INTREPID forthwith. Custody by the United States Marshal requires the services of one or more keepers alone and not including charges for wharfage and the other services usually associated with safekeeping vessels similar to the INTREPID.

4. The Defendant vessel INTREPID is currently on land on Crescent City Harbor District property near the Harbor District office. The Crescent City Harbor District has agreed to assume the responsibility of safekeeping the vessel INTREPID and has consented to act as her custodian until further Order of this Court, including storage and routine services required for the safekeeping of the particular vessel, at no charge. The United States Marshal is unable to perform or to have performed at a comparable rate these same services.

5. The Crescent City Harbor District by declaration avers that it has adequate facilities and supervision for the proper safekeeping of the vessel and that it possesses insurance, marina operators' legal liability policy with Fireman's Fund Insurance Company with a limit of one million dollars and a policy of general liability with Travelers Insurance Company with a limit per occurrence of one million dollars, adequate to respond in damages for loss or injury to the vessel INTREPID or for damage sustained by third parties due to any acts, faults, or negligence by said substitute custodian. Further,

ORDER APPOINTING SUBSTITUTE CUSTODIAN - 2

in said declaration substitute custodian accepts, in accordance with the terms of this order, possession of the vessel INTREPID, her engines and appurtenances, which is the subject of the action herein.

6. Plaintiff CRESCENT CITY HARBOR DISTRICT, in consideration of the Marshal's consent to the substitution of custody, agrees to release the United States and the Marshal from any and all liability and responsibility arising out of care and custody of the Defendant vessel INTREPID, her engines and appurtenances, from the time the Marshal transfers possession of said vessel over to said substitute custodian, and said Plaintiff CRESCENT CITY HARBOR DISTRICT further agrees to hold harmless and indemnify the United States and the Marshal from any and all claims whatsoever arising out of the Substitute Custodian's possession and safekeeping.

**Therefore, It Is Hereby Ordered** that the United States Marshal for the Northern District of California be, and he is hereby authorized and directed, forthwith upon his seizure of the vessel INTREPID, her engines and appurtenances, pursuant to said Warrant for Arrest, to surrender the possession thereof to the substitute custodian named herein, and that upon such surrender the Marshal shall be discharged from his duties and responsibilities for the safekeeping of said vessel and held harmless from any and all claims arising whatever our of said substituted possession and safekeeping.

ORDER APPOINTING SUBSTITUTE CUSTODIAN - 3

**It Is Further Ordered** that Crescent City Harbor District be, and is hereby, appointed the custodian of the vessel INTREPID to retain the same in its custody for possession and safekeeping for the aforementioned compensation until further order of this Court.

**It Is Further Ordered** that all expenses for the safekeeping of the vessel INTREPID shall be deemed administrative expenses of the Marshal.

Dated: _____

_____
JOSEPH C. SPERO
United States Magistrate Judge

ORDER APPOINTING SUBSTITUTE CUSTODIAN - 4