UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRESCENT CITY HARBOR DISTRICT,<br><br>Plaintiff,<br><br>v.<br><br>M/V INTREPID, ET AL.,<br><br>Defendants.<br>_____/ | Case No. C-08-1007 JCS<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** [Docket No. 42] |

## I. INTRODUCTION

Plaintiff Crescent City Harbor District ("Plaintiff" or the "District")  brings a Motion for Default Judgment ("Motion") against the vessel Intrepid, seeking to foreclose a maritime lien under the Federal Maritime Lien Act ("FMLA"),  46 U.S.C. §§ 31342.  Plaintiff has consented to the jurisdiction of the undersigned United States magistrate judge pursuant to 28 U.S.C. § 636(c).  The Motion came on for hearing on Friday, November 14, 2008.   Plaintiff filed supplemental materials in support of the Motion on December 5, 2008. For the reasons stated below, the Motion is GRANTED.

## II. BACKGROUND

On February 19, 2008, the District commenced this action by filing a complaint to foreclose a maritime lien on the vessel Intrepid, Official Number 250385.  The action was brought *in personam* against Defendant Robin Conover and *in rem* against the Defendant vessel Intrepid. The District alleged that Conover was the true and sole owner of the vessel Intrepid.  Complaint at 2.

The District and Conover entered into a Berthing Permit and Rental Agreement ("Berthing Agreement"), effective May 18, 2004,  in which the parties agreed the District would provide

berthage to the vessel Intrepid (formerly known as Aquarius) at a monthly rate of $134.00 during summer months and $90.00 during winter months, subject to annual rate increases authorized under District Ordinance 32.[1]  Complaint at 3 & Ex. A, ¶ 1(a), (c).  The Berthing Agreement further provided for interest on late payments (amounts not postmarked by the twentieth day of the month) at a rate of 10% per annum, "in addition to other penalties."  Complaint, Ex. A, ¶ 1(e).

In November 2005, a new schedule of fees was adopted by the District, in Resolution 2005-7, raising the berthage rate to $163.00/month.  Young Supp. Decl., ¶ 4 & Ex. A.  Resolution 2005-7 also raised the interest rate for late payments to 1.5% per month and added a $25.00 late fee for each month in which payment was delinquent.  Young Supp. Decl., ¶¶ 5-6 & Ex. A.

The District provided berthage to the vessel Intrepid from approximately May 18, 2004 through August 1, 2007.  Complaint at 3.   According to the District, Conover became delinquent on her payments in March 2005 and she made no payments after July 20, 2005.  Complaint at 3; Young Supp. Decl. at 2-4.  As of August 1, 2007, Conover owed $6,178.20 in unpaid berthage, late fees, interest and charges incurred when the District had to pump water from the vessel Intrepid.  *Id*.

The District commenced this action on February 19, 2008.  On February 27, 2008, the vessel Intrepid, with its engines and appurtenances, was ordered arrested by this Court, pursuant to the Supplemental Rules of Certain Admiralty and Maritime Claims.  Fed.R.Civ.P. Supp. C(3), E(4), (5). Conover was personally served on April 10, 2008 with a copy of the summons and complaint, as well as 14 other related documents.  Motion, Ex. A.  Conover did not respond to the complaint and has not appeared to claim the vessel.  Motion at 3.  On April 16, 2008, the Court appointed the District as substitute custodian of the vessel Intrepid, discharging the United States Marshal of its duties and responsibilities for safekeeping.  On July 15, 2008, notice of the arrest of the vessel Intrepid was posted in the San Francisco Daily Journal, pursuant to Fed.R.Civ.P. Supp. C(4) and

---

[1] Although the Berthing Agreement does not state which months are considered "summer" and "winter" months, a supplemental declaration by the District Harbor Master, Richard Young, indicates that November – April were considered winter months and May – October were considered summer months.  *See* Declaration of Richard Young Regarding Damages ("Young Supp. Decl."), ¶ 4.

2

1 Admiralty Local Rule 6-1(a). Motion, Ex. C. On August 13, 2008, the Clerk for the Northern
2 District of California entered default against Conover.

3     On August 29, 2008, the District dismissed Conover from the action, leaving only the *in rem*
4 claim against the vessel. On the same day, the District brought a motion for default judgment as to
5 the vessel Intrepid. In the Motion, the District asks the Court to issue an order foreclosing the lien
6 against the vessel and condemning it for public sale, with the proceeds of the sale, up to the lien
7 amount, to be distributed to the District. In support of the Motion, the District filed a declaration by
8 the Harbor Master Richard Young itemizing the District's damages, in the amount of $6,178.20.

## III. ANALYSIS

### A. Jurisdiction

#### i. Magistrate Judge Jurisdiction

The initial issue before the Court is whether the undersigned magistrate judge may enter judgment in this action, in light of the fact that Conover did not appear or consent to magistrate jurisdiction pursuant to 28 U.S.C. § 636(c). The Court concludes that it may.

Section 636(c) gives magistrate judges the authority to enter judgment in a civil action "upon consent of the parties." Because Conover did not appear or consent to magistrate jurisdiction, the undersigned would not have the authority to enter a judgment against her with respect to the District's *in personam* claim. The District has dismissed its claim against Conover, however, leaving only an *in rem* action against the vessel. The Ninth Circuit has held that in an *in rem* forfeiture proceeding, a party that fails to comply with the applicable filing requirements is precluded from standing as a "party" to the action, thus making it unnecessary to obtain the individual's consent to proceed before a magistrate judge. *U.S. v. 5145 North Golden State Blvd.* 135 F.3d 1312, 1317 (9th Cir. 1998); *see also United States v. 8136 S. Dobson St.*, 125 F.3d 1076, 1082 (7th Cir. 1997) (holding that an individual who did not file a claim lacked standing to contest forfeiture of real property and was thus not a party to the action). Because Conover failed to comply with the applicable filing requirements for forfeiture proceedings, she does not have standing as a

3

party. Therefore, the undersigned magistrate judge may enter a judgment on the Motion even though consent to magistrate judge jurisdiction has not been obtained from Conover.

### ii. Subject-Matter Jurisdiction

This Court has jurisdiction over this matter under 28 U.S.C. § 1333, which vests district courts with original jurisdiction over "any civil case of admiralty or maritime jurisdiction." 28 U.S.C. § 1333 (2008). An *in rem* action may be brought to enforce any maritime lien, or whenever a statute of the United States provides for a maritime action to be brought *in rem*. Fed.R.Civ.P. C(1). Here, the District seeks to enforce a maritime lien under the Federal Maritime Lien Act, 46 U.S.C. § 31342, which provides, in part, as follows:

> (a) . . . a person providing necessaries to a vessel on the order of the owner or a person authorized by the owner–
>
> (1) has a maritime lien on the vessel;
>
> (2) may bring a civil action in rem to enforce the lien; and
>
> (3) is not required to allege or prove in the action that credit was given to the vessel.

*Id.* In order to establish a maritime lien for necessaries, a supplier must show: (1) that the goods or services were provided to the vessel; (2) that the goods or services were "necessaries;" (3) that the charges are reasonable in amount; and (4) that they were ordered by someone with the appropriate authority. *Belcher Co. of Ala., Inc. v. M/V Martha Mariner*, 724 F.2d 1161, 1164 (5th Cir. 1984); *see also Farwest Steel Corp. v. Barge Sea Span 241*, 769 F.2d 620, 623 (9th Cir. 1985).

Based on the allegations in the verified complaint, Plaintiff has established the existence of a lien under the FMLA. First, Plaintiff has alleged in its complaint that it provided wharfage services to the vessel Intrepid. Second, wharfage is considered a "necessary" under maritime law, as the Federal Maritime Lien Act defines "necessaries" as "repairs, supplies, towage, and the use of a dry dock or marine railway." 46 U.S.C. § 31301; s*ee also The Western Wave*, 77 F.2d 695, 698 (5th Cir. 1935) (wharfage furnished to vessel constituted necessaries); *Beard v. Marine Lighterage Corp.*, 296 F. 146, 147 (E.D.N.Y. 1924) (a claim for wharfage is enforceable in admiralty and is entitled to a

4

maritime lien, whether the wharf be privately or publicly owned).  Third, the charges sought by the District are reasonable and those expected of a harbor providing berthage to a vessel for 25 months. Finally, under 46 U.S.C. § 31341, "a person entrusted with the management of the vessel at the port of supply" is a person presumed to have authority to procure necessaries.   Plaintiff entered into a contract with Defendant to provide berthage and other necessaries to Defendant vessel and accordingly, under 46 U.S.C.A. § 31342, may claim a maritime lien.  Therefore, this Court has subject-matter jurisdiction over the District's *in rem* action.

### iii. Jurisdiction Over Vessel

This Court also has jurisdiction over the vessel Intrepid.  Pursuant to Rule C of the Supplemental Rules, jurisdiction over a vessel lies in the district in which the vessel is located. Fed.R.Civ.P. Supp. C(2); s*ee also Riffe Petroleum Co. v. Cibro Sales Corp* 601 F.2d 1385, 1389 (10th Cir. 1979).  Jurisdiction arises in an *in rem* action when the *res*, or property, is arrested.  *See Bruce v. Murray*, 123 F. 366, 371 (9th Cir. 1903) (in a suit *in rem* against a vessel an actual seizure is necessary to confer jurisdiction over the vessel).  Because the vessel is found within the Northern District of California and has been properly arrested, the Court has jurisdiction of the vessel Intrepid.

### B.     **Entry of Default Judgment**

The applicable standards for entry of default judgment in an *in rem* action are found in Admiralty Local Rules 6-1 and 6-2.  For the reasons stated below, the Court finds that the requirements set forth in these rules are met.

Admiralty Local Rule 6-1, entitled "Default in Actions In Rem, provides, in relevant part, as follows:

> (a) **Notice Required.**  A party seeking a default judgment in an action *in rem* must show that due notice of the action and arrest of the property has been given:
>
> . . .

5

    (2)  In actions not subject to FRCivP Supp G:[2]

      (i)  By publication as required in FRCivP Supp C(4);

      (ii)  By service upon the master or other person having custody of the property; and

      (iii)  By service under FRCivP 5(b) upon every other person who has not appeared in the action and is known to have an interest in the property.

(b) **Persons with Recorded Interests**.

 . . .

    (2)  In actions not subject to FRCivP Supp G:

      (i)  If the defendant property is a vessel documented under the laws of the United States, plaintiff must attempt to notify all persons named in the United States Coast Guard Certificate of Ownership;

      (ii)  If the defendant property is a vessel numbered as provided in the Federal Boat Safety Act, plaintiff must attempt to notify the persons named in the records of the issuing authority.

Admir. L.R.6-1. Plaintiff has complied with these requirements.

  First, publication was made in the San Francisco Daily Journal noting the arrest of the vessel on April 23, 2008. This satisfies Supplemental Rule C(4), which requires that public notice of the action and arrest be posted in a newspaper of general circulation in the district. Second, as substitute custodian of the vessel, the District was served and notified of the arrest. Last, the United States Coast Guard Certificate of Ownership identified Conover as the owner of the vessel Intrepid and personal service was effectuated upon Conover on April 10, 2008.

  As a prerequisite for granting default judgment, Plaintiff also must satisfy the requirements of Admiralty Local Rule 6-2, entitled "Entry of Default and Default Judgment," which provides, in relevant part, as follows:

---

[2] Supplemental Rule G covers civil rather than admiralty forfeiture proceedings and therefore does not apply to this proceeding. *See* Fed.R.Civ.P. Supp. G, Advisory Committee Notes, 2006 Adoption.

6

> After the time for filing an answer has expired, the plaintiff may apply for entry of default under FRCivP 55(a). Judgment may be entered under F.R.Civ.P. 55(b) at any time after default has been entered. Default will be entered upon a showing that:
>
> . . .
>
> (b) In actions not subject to FRCivP. Supp G:
>
> (1) Notice has been given as required by Admir. L.R. 6-1(a)(2) and (b)(2);
>
> (2) The time to answer has expired; and
>
> (3) No one has filed a verified statement of right of possession or ownership interest in the property.

Admir. L.R. 6-2.

Here, the requirements of Local Rule 6-2 have been met. First, as discussed above, Plaintiff has satisfied the notice requirements of Local Rule 6-1 (a)(2) and (b)(2). Second, the time to answer has expired. Third, no one has filed a verified statement of right of possession. Accordingly, the District is entitled to the entry of default and default judgment under Rule 55(a) and (b) of the Federal Rules of Civil Procedure.

**C.   Remedy**

Plaintiff presents evidence that the amount of the lien to be foreclosed is $6,178.20. This amount includes berthage, accrued interest, late fees and services related to pumping water from the vessel Intrepid, between March 2005 and August 2007. Having reviewed the District's detailed break-down of this amount, the Court finds the amounts to be well-supported and reasonable.

**IV.   CONCLUSION**

The Motion is GRANTED. The Court enters default and default judgment under Rule 55(a) and (b). The District is entitled to recover the amount of $6,178.20 from the foreclosure of the lien, which shall be accomplished through a public sale, to be conducted by the Marshal, pursuant to

7

Admiralty Local Rule 9-2.  The Court shall retain jurisdiction over this action pending completion of all proceedings relating to the sale of the vessel Intrepid by the Marshall.  A case management conference is scheduled for **February 6, 2009** at 1:30 p.m.

IT IS SO ORDERED.

Dated: December 11, 2008

_____
JOSEPH C. SPERO
United States Magistrate Judge